IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| FREDERICK DEAN LANE, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-07-1103 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## MEMORANDUM ON DISMISSAL

Petitioner Frederick Dean Lane seeks habeas corpus relief under 28 U.S.C. § 2254. He challenges a conviction in the 183rd Judicial District Court of Harris County, Texas.

The threshold issue is whether Lane has presented his grounds for federal habeas relief to the highest state court with criminal jurisdiction. Having considered the record, and applicable authorities, the court dismisses Lane's petition for failure to exhaust available state court remedies.

I.  **Background**

Lane plead guilty to the felony offense of theft from person in Cause Number 1071586. On June 9, 2006, the court sentenced Lane to 180 days imprisonment. Lane filed an application for state habeas corpus relief on March 13, 2007. The

application is currently pending before the Texas Court of Criminal Appeals. *Ex parte Lane,* Application No. 66,883-02 at cover.

On March 21, 2007, this court received a letter which this court construed as a federal petition for habeas corpus relief. Lane contends that his conviction is void because he did not commit the offense and he can prove who did it. Lane asks for his criminal case to be reopened for further investigation. Lane states that he plead guilty to appease his attorney. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 1-2).

## II.     The Issue of Exhaustion

Prisoners suing under section 2254 are required to exhaust their claims in state court before applying for federal collateral relief. *See Fisher v. Texas,* 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). A state prisoner must exhaust available state court remedies before he can obtain federal habeas corpus relief unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). In order to exhaust, a petitioner must "fairly present" all of his claims to the state court. *Id.; Duncan v. Henry,* 513 U.S. 364, 365 (1995). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy,* 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not

satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998)(citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)).

A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The exhaustion requirement gives the states the first opportunity to address and correct alleged violations of a state prisoner's federal rights. *McGee v. Estelle*, 704 F.2d 764, 770 (5th Cir. 1983). Congress has codified the doctrine of exhaustion of state remedies, reflecting the policy of federal-state comity. 28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (I) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)(quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)). A federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete. *Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998)(citing *Graham v. Johnson*, 94 F.3d 958, 970 (5th Cir. 1996)).

The court's online research reveals Lane filed a state habeas application in the convicting court and the application is still pending in state court. Lane has not exhausted his available state court remedies because he has not allowed the state's highest court with criminal jurisdiction to complete its evaluation of his challenge to his conviction in Cause Number 1071586. This failure leaves this court with an improperly filed federal habeas petition, which is dismissed without prejudice to permit Lane to file a state application raising his claims.

## III.  Conclusion

Lane's federal petition for a writ of habeas corpus is DENIED.  Lane's constructive motion to proceed as a pauper, (Docket Entry No. 1), is GRANTED. This case is DISMISSED without prejudice.

The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000)(citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)).  An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further.  *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001).

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling. *Slack,* 529 U.S. 484. Lane has not made the necessary showing for the issuance of a COA.

SIGNED at Houston, Texas, on April 10, 2007.

*/s/ Vanessa D. Gilmore*
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE